UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————————X
MARLENE VASQUEZ, as Parent and Natural
Guardian of L.C., and MARLENE VASQUEZ,
Individually,

                             Plaintiff,

   -against-

MELISSA AVILES-RAMOS in her official capacity
as Chancellor of the New York City Department of
Education, and the NEW YORK CITY
DEPARTMENT OF EDUCATION,

                             Defendants.
———————————————————————————X

**COMPLAINT**

**24-cv-**

Plaintiff MARLENE VASQUEZ, as Parent and Natural Guardian of L.C.,[1] and Individually, as and for their Complaint against Defendants, MELISSA AVILES-RAMOS and the NEW YORK CITY DEPARTMENT OF EDUCATION (collectively "DOE"), alleges the following:

## PRELIMINARY STATEMENT

1. The Individuals with Disabilities Education Act ("IDEA") offers federal funds to states in exchange for a commitment to furnish a free appropriate public education ("FAPE") to all children with physical or intellectual disabilities. See 20 U.S.C. § 1401(3)(A)(i) (listing covered disabilities).

2. As defined in the IDEA, a FAPE comprises special education and related services—instruction tailored to meet a child's unique needs and supportive services sufficient to allow the child to benefit from the instruction. 20 U.S.C. §§ 1401 (26) and (29).

---

[1] Although the full name of the Parent is used here, consistent with the federal Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232 g and its regulations, Plaintiff's Counsel is using the initials of the Student to protect that Student's privacy.

3. An eligible child acquires a substantive right to such an education once a State accepts IDEA's financial assistance from the Federal Government.

4. Under IDEA, an Individualized Education Program ("IEP") is the primary vehicle for providing a child with the promised FAPE.

5. Student-Plaintiff, L.C., suffers from a traumatic brain injury—a brain-based disorder that adversely affects her educational abilities and performance.

6. Parent Marlene Vasquez brought an administrative Due Process Complaint ("DPC") against the DOE, alleging, among other things, that DOE did not offer her child a FAPE for the 2023-2024 school year, that the Parent's unilateral placement of L.C. at the International Academy of the Brain ("iBRAIN") was appropriate, and that equities favored her claims for tuition and related services, including specialized transportation.

7. In a Findings of Fact and Decision ("FOFD") dated April 4, 2024, in IHO Case No. 265816, Impartial Hearing Officer ("IHO") Di'Indra Forgenie-Dhanantwari found that the DOE denied L.C. a FAPE for the 2023-2024 school year and ordered DOE to fund the student's tuition at iBRAIN. However, the IHO denied the Parent's claims for specialized transportation funding and an independent educational evaluation ("IEE").

8. On appeal, State Review Officer ("SRO") Carol H. Hauge, of the New York State Education Department's Office of State Review, improperly dismissed the Parent's appeal on procedural grounds, citing a lack of proper personal service of the appeal documents on the DOE, despite undisputed evidence that the DOE received actual notice and suffered no prejudice.

9. Plaintiffs herein seeks *de novo* review of SRO Decision No. 24-193 issued by SRO Hauge on July 25, 2024.

10. Plaintiffs now seek an order granting full funding for L.C.'s specialized transportation

services for the 2023-2024 school year, as requested in the DPC, including but not limited to costs for private transportation services, a 1:1 transportation paraprofessional, and additional accommodations to meet L.C.'s unique needs.

## JURISDICTION AND VENUE

11. This case arises under a federal statute, the IDEA (20 U.S.C. § 1400, *et seq.*), and the United States Department of Education regulations promulgated under authority granted by statute. 34 C.F.R. Part 300.

12. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 in that Plaintiff's claims arise under federal law, IDEA, 28 U.S.C. § 1343(a), laws providing for civil rights protection, and under 42 U.S.C. § 1983.

13. As much as this case involves questions about special education rights under New York State Law, this Court has supplemental jurisdiction under 28 U.S.C. § 1367.

14. The Court may grant a Declaratory Judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, implemented through Fed. R. Civ. P. 57.

15. Venue is properly placed in the Southern District of New York under 28 U.S.C. § 1391(b) as the Defendants DAVID C. BANKS, in his official capacity as Chancellor of the New York City Department of Education, and the NEW YORK CITY DEPARTMENT OF EDUCATION ("DOE"), both maintain a business office in New York County.

16. DOE's principal place of business is located at 52 Chambers Street, in the County and State of New York.

17. Plaintiff is entitled to costs and attorneys' fees under 42 U.S.C. § 1988(b) and 20 U.S.C. § 1415(i) if found to be a prevailing party.

## THE PARTIES

18. Plaintiff **Marlene Vasquez** is the Parent and Natural Guardian of **L.C.**

19. L.C. was 6 years old at the start of the 2023-2024 school year.

20. L.C. is a minor child with a disability as defined by 20 U.S.C. § 1401(3).

21. L.C. is entitled to receive a FAPE and related services from the DOE.

22. L.C. was denied access to a FAPE during the 2023-2024 school year by the DOE.

23. At all relevant times herein, **Marlene Vasquez** and **L.C.** lived in the City of New York.

24. Since L.C. is a student with a disability and a resident of the City of New York, the DOE must provide her with a FAPE under IDEA and New York Education Law.

25. Defendant **New York City Department of Education** is and was, at all material times, a corporate body created under Article 52 of the New York State Education Law § 1232.

26. The New York State Education Department and DOE have established policies and procedures, both written and informal, concerning the implementation of the IDEA.

27. DOE received federal funding under the IDEA during the 2023-2024 school year.

28. Because the DOE receives federal funding under the IDEA, it must comply with the statute's provisions. See 20 U.S.C. § 1412.

29. DOE is responsible for providing a FAPE to all students with disabilities, including L.C., who live in Defendants' school district under the IDEA.

## FACTUAL ALLEGATIONS

30. Congress enacted the IDEA to ensure that students with disabilities, such as L.C., have meaningful access to public education.

31. States that participate in IDEA receive federal funds and agree to provide a FAPE to all children with disabilities in the State and comply with IDEA's procedural and substantive mandates.

32. New York State has chosen to participate in and implement the IDEA framework and has established procedures for providing special education services to children with disabilities, as outlined in N.Y. Educ. Law § 4401 (McKinney) et seq.

33. The primary mechanism for implementing IDEA's mandate of a FAPE is the IEP as defined in 20 U.S.C. § 1401(14) and § 1414(d).

34. An IEP is a written statement prepared for a child with a disability that sets forth the special education and related services, supplementary aids, services, and program modifications or supports to be provided to the child, on or behalf of the child, to enable that child to achieve a comprehensive set of annual goals and short-term objectives.

35. On June 1, 2023, DOE convened a Committee on Special Education ("CSE") to develop an IEP for L.C. for the 2023-2024 school year.

36. Parent-Plaintiff disagreed with the June 2023 IEP and decided to re-enroll L.C. at iBRAIN for the 2023-2024 school year.

37. Plaintiff sent DOE a Ten-Day Notice ("TDN") dated June 20, 2023, to inform DOE that she disagreed with the DOE's educational placement recommendations, and intended to re-enroll L.C. at iBRAIN and seek public funding for the placement.

38. On November 20, 2023, Plaintiff filed an administrative DPC initiating the due process proceedings, alleging, inter alia, DOE denied L.C. a FAPE for the 2023-2024 school year, iBRAIN was an appropriate unilateral placement, and equitable considerations favored total direct funding for L.C.'s placement at iBRAIN, including related services, and specialized transportation services for the 2023-2024 school year.

39. The DPC was assigned IHO Case No. 265816.

40. IHO Di'Indra Forgenie-Dhanantwari was appointed to resolve IHO Case No. 265816.

41. On April 4, 2024, IHO Forgenie-Dhanantwari issued a Findings of Fact and Decision ("FOFD") in IHO Case No. 265816, finding that DOE denied L.C. a FAPE for the 2023-2024 school year.

42. The IHO ordered DOE to fund L.C.'s tuition at iBRAIN but denied the Parent's claims for specialized transportation funding and an independent educational evaluation ("IEE").

43. The IHO found that the Parent received transportation accommodation forms and failed to return them to the DOE for additional transportation accommodations to appropriately be recommended for L.C.

44. Plaintiff timely appealed the IHO's denial of specialized transportation funding to the New York State Education Department's Office of State Review ("OSR").

45. The appeal was assigned SRO Appeal No. 24-193.

46. On July 25, 2024, SRO Carol H. Hauge issued her decision in SRO Appeal No. 24-193.

47. SRO Hauge dismissed the appeal on procedural grounds, citing improper service of the appeal documents, despite evidence that DOE received actual notice and suffered no prejudice.

48. SRO Hauge erred in dismissing the appeal without substantive review, thereby failing to address the IHO's errors regarding L.C.'s entitlement to specialized transportation funding.

49. DOE failed to offer L.C. appropriate transportation services, necessitating the Parent's arrangement of private transportation to ensure L.C.'s access to education.

50. SRO Hauge's dismissal deprived Plaintiff of due process and an opportunity to fully address DOE's denial of a FAPE.

51. SRO Hauge's findings are not supported by the record evidence.

52. SRO Hauge's findings are contrary to caselaw and the IDEA.

53. This action is an appeal of SRO Decision No. 24-193.

54. SRO Decision No. 24-193 contradicts the record evidence and the law.

55. As a result, L.C. has been denied a FAPE by DOE and due process by the SRO.

56. SRO Hauge's determination in SRO Decision No. 24-193 is erroneous because it relies on an incorrect application of the IDEA, relevant case law, New York State Education Law, and erroneous findings.

## AS AND FOR A FIRST CAUSE OF ACTION

57. Plaintiff is the Parent of a disabled child, L.C., who was denied access to a FAPE during the 2023-2024 ESY by DOE.

58. Plaintiff repeats, reiterates, and reaffirms each allegation set forth above as if more fully set forth herein.

59. SRO Hauge failed to discharge her duties properly as required by the IDEA, 20 U.S.C. § 1401, *et seq.*, the federal regulations promulgated thereunder, 34 C.F.R. Part 300, Article 89 of the New York Education Law, and Part 200 of the regulations of the New York State Commissioner of Education.

60. SRO Decision No. 24-193, concerning the 2023-2024 extended school year, should be modified for several reasons including, but not limited to, the following:

    a. SRO Hauge erroneously found the Parent did not timely effectuate personal service of the appeal; and

    b. SRO Hauge erroneously dismissed the appeal.

61. Based on the above, Plaintiff's rights, and those of her disabled child L.C., were violated under the IDEA, 20 U.S.C. § 1401, *et seq.*, the federal regulations promulgated thereunder, 34 C.F.R. Part 300, Article 89 of the New York State Education Law, and Part 200 of the Regulations of the New York State Commissioner of Education.

62. Defendants' actions have caused Plaintiff damages.

63. Plaintiff is entitled to all appropriate relief under IDEA, including the specific remedy of total direct funding to L.C.'s private educational, related services, and special transportation providers, with ancillary and necessary fees, including reasonable attorneys' fees and costs.

64. Plaintiff is entitled to full direct funding for tuition and related services, including special transportation, under the IDEA for L.C.'s placement at iBRAIN for the 2023-2024 extended school year for the reasons set forth above, including, but not limited to, the following: 1) Defendants failed to offer or provide L.C. with a FAPE for the 2023-2024 extended school year; 2) iBRAIN was an appropriate unilateral placement for L.C. during the 2023-2024 extended school year because, *inter alia*, L.C.'s educational program at iBRAIN was tailored to meet L.C.'s individual needs, and L.C. made progress at iBRAIN during the 2023-2024 extended school year; and, 3) the equities favored full direct funding for the Parent-Plaintiff and the disabled Student-Plaintiff as per the terms of the Enrollment Agreement and the Transportation Contract.

## AS AND FOR A SECOND CAUSE OF ACTION

65. Plaintiff repeats, reiterates, and reaffirms each allegation set forth above as if more fully set forth herein.

66. In any action or proceeding brought under IDEA, a court may award reasonable attorneys' fees as part of the costs to the "prevailing party" who is the parent of a child with a disability. (20 U.S.C. § 1415(i)(3)(B)(I) and 34 C.F.R. § 300.517(a)(1)(i)).

67. The Plaintiff is the prevailing party in the underlying administrative actions in SRO Decision 24-193 brought under IDEA.

68. Plaintiff is the Parent of L.C., a child with a disability, who prevailed in her administrative action/proceeding against DOE under IDEA.

69. Plaintiff was at all times referenced here, represented by the Liberty Freedom and Legal Group, a non-profit law firm experienced in, among other things, representing students with disabilities and their families in administrative and judicial proceedings brought under the IDEA.

70. Plaintiff, as the prevailing party in her administrative proceedings in SRO Decision 24-028 brought under IDEA, seek an award of reasonable attorneys' fees under 20 U.S.C. § 1415(i)(3)(B)(I).

## **RELEIF REQUESTED**

**WHEREFORE**, the Plaintiff requests that the Court:

1. Issue an Order and enter Judgment against Defendants in favor of Plaintiff.
    a. Modifying SRO Decision No. 24-193 issued on July 25, 2024, to the extent that found the Parent did not timely effectuate personal service of the appeal;
    b. Conducting an independent review of the administrative record;
    c. Declaring that the Defendants violated the Plaintiff's rights as set forth herein;
    d. Declaring Plaintiff to be the prevailing party for purposes of IDEA's fee-shifting provision;
    e. Directing Defendants to pay for the costs and expenses of maintaining this action before the IHO and the SRO under 20 U.S.C. § 1415;
    f. Granting Plaintiff leave to submit a fee application under IDEA;

    g. Awarding Plaintiff reasonable attorneys' fees, as part of their costs, as the Plaintiff is the "prevailing party" in the underlying administrative action brought under the IDEA. Plaintiff is the Parent of a child with a disability, who prevailed in their administrative proceedings brought under IDEA and who has a final administrative order issued in their favor, requiring Defendants, DOE, to fund N.A.'s tuition and transportation services at iBRAIN for the 2023-2024 school year. 20 U.S.C. § 1415(i)(3)(B)(I) and 34 C.F.R. § 300.517(a)(1)(i); and,

    h. Granting such other, further, and different relief as the Court may deem just, proper, and equitable.

Dated: November 25, 2024

    Respectfully Submitted,
    Liberty and Freedom Legal Group, Ltd.
    Attorneys for Plaintiffs

    By:

    __s/ Daniela Jampel_____
    Danela Jampel, Esq. (DJ 0925)
    300 East 95th Street, Suite 130
    New York, NY 10128
    (646) 850-5035
    daniela@pabilaw.org